**In the Matter of Charles Richard RUSH.**

**No. 22S00–0607–DI–261.**

Supreme Court of Indiana.

Dec. 21, 2006.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts and proposed discipline as summarized below:

**Facts:** On June 20, 2000, respondent's trust account held $179.90. He could not account for or explain the ownership of this money. On June 29, 2000, respondent deposited an insurance settlement check for $20,000 in his trust account for two clients. This same day he disbursed checks from the account on behalf of the clients. (One of these checks was not presented until August 1, 2000). Between July 6 and July 17, 2000, respondent wrote checks from his trust account for three other clients for whom his records do not reveal that he made deposits. On July 17, a check drawn on respondent's trust account was returned for insufficient funds. On August 1, 2000, a check written on behalf of one of his clients, for whom he had deposited the $20,000, was returned for insufficient funds.

**Violations:** Respondent's conduct violated Ind. Professional Conduct Rule

1.15(a), which requires a lawyer to safeguard client funds in the lawyer's possession.

**Discipline:** Ninety (90) day suspension, stayed upon respondent's successful completion of twelve (12) months of probation requiring respondent to complete a Disciplinary Commission approved three (3) hour course on trust account management, to hire a qualified Certified Public Accountant to audit and report to the Commission on respondent's trust account and to comply with other terms of probation as set out in the parties' conditional agreement.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Court further finds that with the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

All Justices concur.